Good morning, Your Honors. I intend to be brief. I just want to point out that the District Court did recognize that the New York Convention on the Enforcement of Foreign Arbitration Awards did apply to this situation, yet seemed to ignore the broad removal statute that's in the New York Convention. The removal statute says that a case could be removed to federal court at any time before the date of trial, which indicates that there's a strong public policy in favor of having a federal forum for adjudicating these sort of disputes. And there's the — and that's also, as pointed out, requires a clear and unequivocal waiver of any right to a federal forum, which doesn't exist in this case. The clause that the District Court seemed to rely on, it said — you know, it says that, essentially, the parties agree that any arbitration award would be recognized by the San Bernardino Superior Court and any court in the United States. It doesn't say that only jurisdiction relies only on the San Bernardino Superior Court. Can I ask you a question about, assuming that's correct, the District Court made an alternative finding, a waiver arising out of the Grandfields affirmatively taking advantage of the California State system. Is it your — I assume it's your position with respect to that alternative finding. Well, what Grandfield did was ask — it merely asked the San Bernardino Superior Court to order the case to bind in arbitration. It — and all it asked the San Bernardino Superior Court to do was to not decide the case in favor of an arbitration court. Well, let me put the argument to you as best I can as devil's advocate to that position. I mean, if I understand the law correctly, as long as your invoking of the California State system is defensive, it's okay and it's not going to arise to the level of a waiver. But the argument here would be that you didn't — in the original action, you sought to compel arbitration in the state system instead of removing to the federal system in order to accomplish that. When you — when that went awry, you appealed within the California system. Then you reached a settlement of that dispute, which resulted in the stipulation that was in reference to arbitration, and in the stipulation acknowledged at a minimum that the San Bernardino Court could enforce an award, if any, that resulted from the arbitration, and only came into the federal system after losing the award and after a suit was filed or the jurisdiction of the San Bernardino Court was re-triggered in order to enforce it. Well, my argument would be that the original action in the San Bernardino Superior Court was not an effort to have the case decided there. It was an effort to have that forum, which we didn't — we didn't file in the San Bernardino Superior Court to begin with. It was an effort to have that state court not decide the matter in favor of binding arbitration. Suppose the Superior Court had granted arbitration. You asked for arbitration, they said, fine, go to arbitration, okay? And then the case comes back, all right? And you win or lose, either way, it doesn't matter, in the arbitration. Then the case comes back. Is it your view that at that point it could be removed? Well, yes, because the New York Convention specifically says that a case rising under that convention can be removed at any time before trial, which means a final judgment. I mean, that's even — that's even — so does — so does normal removal law say that? I mean, indeed, it doesn't even stop at trial. It's just whenever the case becomes removable, you can do it until there is an adjudication on the merits, right? So actually, the New York Convention is a little less liberal than the normal removal law on that score, but waiver can still occur. I mean, that is, to put it in slightly less genteel terms, rolling the dice isn't a good idea. Well, I — The question is whether you roll the dice too much or not. I — I respectfully disagree. I think that under the New York Convention, it's — the right to a Federal forum is much more liberal than under the normal removal statutes, because under the normal removal statutes, the right to removal is waived within, you know, 30 days after that right arises, whereas under the New York Convention, you can — I could, you know, I could say, no, I'm removing. That's what the — Is it your position that — that waiver by conduct does not apply to the New York Convention? I believe that's what the statute seems to say, because it has that unusual provision in it which says the removal can exist up to the date of trial. Well, let's try this. Suppose you're there in the State court. All happy as a clam. And you make a motion for summary judgment. And the State court says, nope, I'm not giving you summary judgment. You think you can then remove and make that motion a second time in the District court. Is that your view? Well — Get a second bite at the same issue. I think there might be certain collateral estoppel issues that would apply there, but — You don't think you might have waived your right to remove at that point? Possibly at that point. I think — So there are times when you might have waived your right to remove, am I right? That point would be when the State court makes a determination on the merits of the case. Let me just carry the supposition one step further. The summary judgment is appealed, and both parties then decide to flick it in and settle, but agree that the State court will retain jurisdiction if the settlement blows up. Settlement blows up, and one party comes back into court to say, help. At that point, can you remove? I would tend to say that the settlement is probably a new agreement, which abrogates the arbitration clause of the New York Convention. So it wouldn't apply anymore. I mean, if you've — Well, no, we're sort of off the arbitration thing now. I'm just trying to test the extent to which one can invoke the processes of the State court without waiving the right to remove. Well, my argument is that the New York Convention is unusual in the broad right to remove that is inherent in the statute. So the normal case laws that have developed, it says that you've, you know, if you argue something in the State court, then you're stuck with the State court. You can't change. That doesn't apply in this case because of the strong public policy of having international arbitration awards enforced by the Federal courts and having case law decisions decided by the Federal court of appeals. I have one other question on the alternative finding. How do we — what pair of glasses do we look at that through? I mean, do we ask, was it correct as a matter of law? Do we ask, was it clearly erroneous as a matter of fact? I wouldn't say that it was clearly erroneous as a matter of law. I mean, the fact is, in this case, essentially undisputed. But I think the law as applied by the district court was incorrect because the New York Convention says that you can, you know, remove a case to the Federal court if the New York Convention applies. Okay. So you agree that one can waive the right to remove under the New York Convention by a forum selection clause. Yes. If it existed. But you do not think that you can waive the right to remove by conduct, by actions taken in the State system prior to removal. Have I got that right? Up to a point of a final decision by the State court. Up to that point when the court's ready to rule and render a final judgment on the matter. I'm sorry. I thought you said on my summary judgment example that maybe you had waived. But if you made your motion for summary judgment and the State court denies your motion, so it's ruled maybe on the merits, maybe not. I thought you said that you waived it then probably. You can't take it up into the district court. Well, I would view that as a final decision. I mean, a final decision of the case on the merits. So, you know, it's – I don't think the New York Convention would allow you to, you know, make a losing – an argument that you already lost in State court. So it's kind of a second bite at the apple question you said? You've waived it. What you're removing for is to get a second bite at the apple? I don't think – no, I don't think it's that broad that it allows, you know, you to make the same sort of motion in federal court that you would make in State court. But I would argue that even if you had lost a summary judgment motion in State court, you're still entitled to remove to federal court for the final trial of that matter. You know, I mean, it's a motion to award an arbitration clause. So you wouldn't necessarily be able to make the same summary judgment motion, but you could remove and seek a trial. Because it said then, the statute says, you can remove at any time prior to trial. Well, yeah, I keep coming back, I guess, to the same thing, and that is that under normal removal, forget the New York Convention, you can remove any time. It's within 30 days after it becomes apparent. You're not limited to before trial. You are limited before adjudication on the merits. You can remove at any time. There's a piece of paper that shows you're removable, right? So but we have waiver principles in normal removal jurisdiction, right? Yes, I agree. You're just saying we don't have normal waiver principles under 205. That's my argument, essentially, because of this language in the statute which says you can remove at any time. All right. I've got your position. Now let me ask you one other question if I may. China North relies in part on the effect of California Code of Civil Procedure 1292-6, which appears to contemplate that once an arbitration issue comes up in a state court, that that court retains jurisdiction for subsequent proceedings with respect to the arbitration. What effect, if any, do you think that has on your removal position? Well, I think the New York Convention is superior law, Federal law. So New York Convention, you know, is the applicable law in this case. Well, okay. Let me see if I can translate what you're saying. You're saying it's a superior law. Does that mean? Well, all right. Let's just piece it back. Is the effect of the California Code of Civil Procedure to make action number one and action number two, in effect, the same action? Yes. Yes, I would agree with that. You think that's true? Yes. Yes. So, you know. Okay. Then for purposes of waiver, if waiver principles apply to 205 removals, then all of your activity up to and including the removal counts, right? That is, you're seeking to compel arbitration in the state system. You're appealing within the state system. You're settling it within the state system. You're recognizing that the state court has jurisdiction in the state system counts. Is that correct? Well, I'm recognizing that my client could choose jurisdiction in the state court system, but he's not limited to that. Okay.  Yes. Yes. Thank you, Your Honor. All right. How about we hear from counsel for Granfield? Counsel for Granfield. I'm sorry. I misspoke. Go ahead. Good morning, Your Honors. May it please the Court. My name is T. Britt Rudman. I represent China North Industries, Tijong Corporation. I want to reiterate the fact that throughout the proceedings we've been hearing Is this okay? Just try it. Okay. Throughout the proceedings of this entire litigation that we've been since 1999, we've been in State court. We argued the issues in State court. We made a contractual agreement in State court. And the wording of the stipulation for binding arbitration, which in and of itself was a contract to decide where we were going to arbitrate. Have you ever seen an arbitration clause that looks like this? I mean, I've seen lots of arbitration clauses. I've never seen one that looks like this. Arbitration clause in where? Can I write this as an agreement to decide a case in State court? Well, would you call an arbitration clause an agreement to decide a case in arbitration? Would it look like this? Just take a typical forum selection clause. Let's get out of the arbitration mode. Is this really a forum selection clause? Have you ever seen a real forum selection clause? And if so, does it use this language? I don't think so. Well, just because it doesn't use that language doesn't mean that it's not valid. Well, what the clause does is to select a forum. I mean, I think your clause selects a forum. But what it does is select a forum to arbitrate and the arbitration to be in China. What I don't understand is how the clause can be interpreted reasonably as saying that an award can be enforced only in the San Bernardino Superior Court. Clearly it says or implies that it can be enforced by that court along with thousands of other courts in the United States, all of whom are obliged to give full faith and credit to any award coming out of China. Now, why is that wrong? Well, it was the intent of the parties at the time that this stipulation for binding arbitration was created to have it go back after the issue of the arbitration was completed, to have it go back to the San Bernardino Superior Court. Well, how do we know that? Because we said in here, and the wording is full force and effect within the United States and by this court. This court meant the San Bernardino Superior Court. But it doesn't say further proceedings will be in this court. And if it was the intent of the parties to contract for that, I think it would have said further proceedings will be in this court. But it doesn't say that, does it? It doesn't. It could very simply say and only in this court. Enforcement shall only be in this court. And that would be a really strong forum selection clause. And it probably couldn't even be removed. But it didn't say that. It's simple to say it. Let me see. I don't understand how the clause can be read as distinguishing the San Bernardino Superior Court from any court. The clause gives full faith and credit to arbitration in any court in the United States, right? And throughout the United States, you have to give full faith and credit. Right. That's correct. And so does the San Bernardino Superior Court have to give it full faith and credit, right? Yes. Even though it didn't want to send it to arbitration in the first place, which is how come I suspect that that clause is in here, to make it real clear that the San Bernardino Superior Court's got to recognize the arbitral award. Well. If you come back there. Right. But why does that keep somebody from removing? Well, then there's the goes back to the issue of waiver. Well, by what? At the moment, we're talking about waiver in the forum selection clause. It's two separate issues. Two separate things. Okay. A, do you have an exclusive forum selection clause? B, do you have a waiver? Well, when we drafted the agreement, it was my intent. Look, there's no evidence of that. It goes to the intent of the parties. Well, all we've got, unless I am wrong, all we have is stipulation. We have no submissions of an evidentiary nature about the negotiations or the circumstances under which the stipulation was reached or anything. Right? So we just got the language. Is that right? Right. I mean, what we're talking about right now is just the language of the clause. No, but I'm saying in the record. There's nothing in the record because the stipulation was created outside of the record and the negotiations were created outside of the record. Well, the record in the district court doesn't include any evidentiary hearing or any declarations with regard to the circumstances. As I understand it, it's just we've got a copy of the stipulation. From that, the district court concluded there was this agreement, reading this as a forum selection clause. But that's simply based on the stipulation, not based on any extrinsic evidence. Is that correct? Right. So the agreement's all we got. Right. And the issue for us is whether this is, in fact, a forum selection clause that unequivocally waives the right to remove. And I guess the concern that has been expressed is that if you're going to say jurisdictions only in the San Bernardino Superior Court, you'd probably use words like jurisdictions only in the San Bernardino Superior Court. You wouldn't say this court has to acknowledge full faith and credit. So how do we decide this is a clear waiver of the right to remove? Well, it doesn't say, if you look at the language, it says and by this court. It doesn't say or by this court. Well, isn't this court within the United States? No. Isn't the San Bernardino Superior Court within the United States? Yes. Okay. Go ahead. Some people argue the contrary. Well, I was going to say that. But it actually is. Let's switch to the alternate ground. So the district court says basically alternately there was waiver because of actions taken in state court. Now, again, I have the same question. I don't see any record in the district court upon which that decision can be supported. What supports it? You're talking about the conduct? Yes, I am. Okay. Well, starting back, it was originally filed in San Bernardino Court. At that time, they filed a motion to compel the arbitration. Is that in the record? I believe it is. It's in the original. It's in the factual proceedings. It's ‑‑ Those documents were submitted to the district court, are you saying? Yeah, it was in my motion for ‑‑ to remand it back to state court. Okay. And ‑‑ Okay. Okay. So we filed a ‑‑ there was an issue about ‑‑ What's to show that everything Granfield did in the state system was not defensive? Your burden to show that there was a clear and equivocal, excuse me, clear and unequivocal waiver. What do you rely on in support of your burden to show that it was clear and unequivocal, not merely defensive? I mean, we've got to be able to say, I look at the record, and actually, I just don't have much question at all. I'm firmly convinced that this was not defensive. Well, they had many times to say, we want to have it in the U.S. district court. They could have put it in the stipulation for binding arbitration so there would have been no dispute. They could have, at the time, remanded it, removed it to U.S. district court at the time of the arbitration. They wanted to go to China to have the arbitration. We could have had the arbitration here. Well, that may be a decision they would have come to regret, but what does that have to do with what court is going to have authority over the case? Because they constantly had choices that they made. And they made the choices, and then when the choices that they make, they regret the decisions of the judicial counsel or the branch or whoever is making the decisions, they say, oh, wait a minute, I don't like their decision. I want to go into a different forum. Oh, wait a minute. What decision of the superior court did they not like? Well, the original decision of the superior court was that the arbitration clause was not in effect and we could proceed, and then they appealed that. And then the party stipulated to it, and that ended that issue. Right. That was in consideration of a settlement. Waiver, what I'm looking for is a clear statement that says we're going to proceed in state court, not federal court. We are waiving our rights to remove to federal court. And as I understand it, all that they did, and you're right, they could have removed to federal court first, but all that they did in state court was to seek to get the case into arbitration, which doesn't suggest a commitment to state court to me, at least not a particularly strong commitment to state court. And that's all that they did. So returning to the language of our cases and of Judge Reimer's question, what tells us that that was anything other than a defensive action, which they're allowed to take? What made that offensive? What made it a commitment to state court? When you're trying to get out of a state court into arbitration, it doesn't seem like you're saying this is the room I want to be in, because they're trying to get to a different room. No, I understand. Well, they didn't explicitly put it in our agreement for the intent to arbitrate, the stipulation for arbitrate. There was an issue about, well, what we were going to do when we came back and the arbitration award was final. So they didn't put it specifically in the stipulation for binding arbitration. And they also consistently make appearances in state court. Well, one can make a zillion appearances in state court without waiving the right to remove if those zillions of actions are purely defensive. Let me just be more specific. If you've got any case anywhere that says that a motion to compel arbitration responsive to an action on the merits initiated by another party is offensive use of the state court system rather than defensive, it may be. I don't know. I'm asking you, is there a case? Well, specifically, there – I believe that there's a case that talks about the fact of whether or not there was an original decision not to arbitrate. And that was one – and then – let's see here. If you can excuse me. Sure. Well, in Moore v. Permanente Medical Group, they said that the – a party may not experiment in state court and then remove upon receiving an adverse decision. Well, yeah, I know that. But the question is, if you carried your burden of showing that's what happened here. Well, then also in Kitty Ride's USA, they waited to a decision on arbitration and then they decided – and then when you remove it, it's essentially what they're trying to do is an appeal. And that's not proper grounds for removal. The question here, what happens, if I understand it, you file your action in state court, correct? Yes. They make a motion for arbitration. Right. State court says, no deal. I'm not going to give you arbitration. Correct. State trial court. Right. I guess the question is, is their saying to the state trial court, instead of removing, we want you to decide whether this case goes to arbitration or not. Is that sufficient to waive the right to remove the arbitration question to the district court? Well, I guess it would go by – that's a waiver by conduct, because they're participating in a state court action instead of removing it. And if they're saying that the New York Convention applies, and they're saying that this is an international arbitration and the Federal court should have jurisdiction over that. Correct. Then wouldn't it have been proper for them to bring a removal action in state court from the very beginning to have a Federal court decide whether or not an arbitration clause would be? Rather than ask the state court system to decide whether to send it to arbitration or not. Right. If, in fact, they're saying that the New York Convention applied in the first place. So they're essentially saying to the state court, you have enough knowledge to look at this and decide whether or not an arbitration clause actually applies in this situation, an international arbitration clause. So pretty clearly they put that issue to the state superior court to judge Barry Plotkin, I think. Right. To the state superior court in San Bernardino. And the state superior court rules and says no dice. Correct. Now, I'm hearing you say if they tried to remove it then to district court, they'd be out of luck because they're just trying to get a second ruling on that. Right. Does it make a difference that they settled the case with you and got it sent to arbitration and now want to remove it? Does that change the alchemy in your view? No. Because it's in the chain of events, essentially. You know, we started off in the state court. We made an agreement in state court. The agreement to arbitrate was approved by the state court. And now they're saying that the state court shouldn't have a right to enforce the arbitration award, which was agreed upon originally in state court. Now, I take it, California law being what it is, that if they wanted a different state judge when you came back the second time, they could file a 170.6 and get a different judge in the San Bernardino court. Is that right? That's correct. And actually, when we went back, there was another judge because I think the first judge had retired or had moved on or was we were we got a different judge. Had a different assignment. So it did go to a different judge. That's correct. Okay. Okay. Anything else? Your Honors, I would like to point out that there is an outstanding issue that I probably should bring up at this point in time. As I was reviewing the paperwork, I noticed that there wasn't a statement of related parties as part of my brief. And I have copies of it with me. But there is no related actions at this time. Why don't you serve it on counsel and file it with the clerk? Okay. Thank you. Okay. Thank you. Okay. Mr. Regan. Well, I don't think I have anything to add except that what we always ask for in the San Bernardino Superior Court was that they not decide in deference to an arbitration award. We did ask the Superior Court to compel our binding arbitration, which the Court denied. And then we made an agreement to binding arbitration, which seems to me is, you know, is essentially a new arbitration agreement, which sort of starts the clock over again. So we didn't ask the State Superior Court to do anything for us except not decide. So that would be the end of my remarks. If there's any questions, I'd be happy to address them. Okay. I don't think so. Thank you, counsel. The matter just argued will be submitted.
judges: Fernandez, Rymer, Clifton